**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MICHAEL GLENN PICKENS,
ADC #91738                                                                                                          PLAINTIFF

v.                                      NO. 5:15CV00107 JLH/JTR

CORIZON MEDICAL SERVICES, INC.; *et al.*                                         DEFENDANTS

**OPINION AND ORDER**

Michael Glenn Pickens is a prisoner in the Varner Unit of the Arkansas Department of Correction. He has recently filed a *pro se* § 1983 complaint and an amended complaint alleging that defendants violated his constitutional rights. Pickens has not paid the filing fee. Instead, he has filed a prison calculation sheet, which the Court will construe as an incomplete request to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on April 8, 2015, Pickens filed at least three § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted. *See Pickens v. Byers*, 5:03CV00206 SWW (dismissed on 7-11-03, no appeal filed); *Pickens v. Cody*, 2:08CV00080 JMM (dismissed on 6-16-08, affirmed on appeal on 8-28-09); *Pickens v. Hobbs*, 5:13CV00006 SWW (dismissed on 2-15-13, no appeal filed). Thus, Pickens is a three striker, as defined by 28 U.S.C. § 1915(g).

Nevertheless, Pickens may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Pickens alleges that from October to November of 2014 the defendants provided him with constitutionally inadequate medical care by failing properly to give him medication prescribed for chronic migraine headaches. Pickens, however, has not pled any facts suggesting that he is *currently* in imminent danger of serious physical injury. Thus, he may not proceed *in forma pauperis*.

IT IS THEREFORE ORDERED THAT:

1. This case is dismissed without prejudice.

2. If Pickens wishes to continue this case, he must, **within thirty days of the entry of this Opinion and Order**: (a) pay the $400 filing fee in full, noting the above case style and number; and (b) file a motion to reopen the case.

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Opinion and Order would not be taken in good faith.

IT IS SO ORDERED this 30th day of April, 2015.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE